BOLIN, Judge.
E. C. Lemoine instituted this action ex delicto against Red River Motor Company, Inc. and its insurer, Aetna Casualty and Surety Company, for personal injuries allegedly received by plaintiff on March 12, 1966, when a truck he was driving near Deberry, Texas, left the road and overturned. By appropriate proceeding the demands against Aetna were dismissed, the accident having occurred in Texas where direct action against the insurer is not *573 permitted. Plaintiff alleges the accident was caused by the negligence of Red River Motor Company in placing a tire of incorrect size on the right front wheel of a new truck he purchased from that company. For written reasons the lower court rejected plaintiff’s demands and he appeals.
Plaintiff purchased a new 1966 Chevrolet pickup truck from Red River Motor Company on December 17, 1965, trading in a 1961 Chevrolet pickup as part payment on the purchase price. The 1966 truck came equipped with five 2-ply tires with a 4-ply rating. For personal reasons plaintiff did desire these 2-ply tires and, at his request, the motor company replaced the new tires with four 6-ply Allstate tires which they removed from plaintiff’s 1961 truck. There is some dispute as to the exact size of the Allstate tires but plaintiff contends the two rear tires were of the same size and the two front tires were of the same size but that the rear tires were larger than the front tires. Plaintiff further claims Red River Motor Company substituted a smaller passenger-type tire for one of the Allstate tires on the right front which made the truck pull to the right causing him to lose control of the vehicle and have the accident.
During the approximately four-month interval between the date of purchase and the date of the accident plaintiff complained to defendant motor company several times that the truck did not steer properly. On at least two occasions the truck was returned to Red River Motor Company where work was performed on it. On the first occasion the speedometer mileage was noted at 2709 and on the second occasion 3870. Following the accident the truck was taken to a local body shop for repairs and the speedometer reading was 4240.
After reviewing the testimony the district judge concluded there was no evidence showing Red River Motor Company substituted any tires on the new truck except those from plaintiff’s old truck in accordance with plaintiff’s instructions. We are in accord with this conclusion which in our opinion, supports the judgment dismissing plaintiff’s demands.
Appellant, in brief before this court, specifies error on the part of the district court in refusing to pass upon the question of whether the motor company was guilty of actionable negligence in failing to detect the smaller tire on the front when the truck was brought in for adjustments. For this complaint to have any merit it is necessary first to find a smaller tire was, in fact, on the front of the truck at the time the vehicle was brought to the motor company for inspection and repairs. The record does not support such a finding. We note the first convincing evidence of a smaller right front tire on the truck was the testimony of an employee of Walker’s Spring Service, to' whom the truck was sent for wheel alignment after the repairs by the body shop following the accident. In completing his alignment the employee replaced the smaller tire on the right front with the extra tire which was of the same size as that found on the left front.
Appellant also specifies as error the lower court’s failure to hold defendant liable under the Louisiana Civil Code articles governing compensated deposits. We find no merit in this contention since, before the rules relative to compensated deposits become applicable, plaintiff must show that the smaller front tire was on the vehicle while it was in the custody of the depositary, Red River Motor Company, which proof he has failed to adduce. See La. C.C. arts. 1908, 2937 and 2938 and cases cited thereunder.
The lower court further concluded that, even assuming an employee of Red River placed on plaintiff’s truck a tire different from one of those taken from the old truck, it was unable to find any evidence establishing with any degree of certainty the off-size tire was the proximate cause of the accident. While we have no reason to disagree with this factual finding we *574 make no decision on this point since we find plaintiff has failed tO' prove fault against Red River Motor Company.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.